UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD KENNETH SHANNON,

    Petitioner,

v.

    Case No.: 04-72819
    Cr. Case No.: 01-80921
    HONORABLE VICTORIA A. ROBERTS

UNITED STATES OF AMERICA,

    Defendant.

## ORDER DENYING MOTION

**I.  INTRODUCTION**

This matter is before the Court on Petitioner's motion to modify or vacate his sentence pursuant to 28 U.S.C. § 2255 [Doc. 19].  For the reasons stated, the Court DENIES Petitioner's motion.

**II.  BACKGROUND**

On November 15, 2001, Petitioner pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a).  Petitioner's charging indictment alleged seven counts of bank robbery.  Petitioner's base offense level under the United States Sentencing Guidelines was 29.  The offense level included a one level increase because Count Two of the indictment involved a robbery of more than $12,000.  The offense level also included at two level increase because Count One involved a threat of death if the teller failed to comply with the Petitioner's demands and an additional two level increase for taking the property of a financial institution.  Ultimately, Petitioner's total offense level was 26; he received a three level reduction for acceptance of responsibility.  Petitioner's guideline range was 70-87 months.  On March 13, 2003, the Court sentenced Petitioner

to a 70-month term of imprisonment.[1]  As part of the plea agreement, the Court ordered Petitioner to pay $36,939.00 in restitution, the total alleged to have been taken in the seven robberies charged in the indictment.  No direct appeal was filed.  Defendant filed this motion pursuant to 28 U.S.C. § 2255 on July 20, 2004.

### III. APPLICABLE LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"To warrant relief under [28 U.S.C. §] 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial or injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

    A.    Petitioner's Motion Is Denied as Untimely

Petitioner asserts that the Court violated his Sixth Amendment right to a trial by jury in imposing the three enhancements: (1) a one level increase because Count Two

---

[1] An amended Judgment was filed on March 18, 2003 to correct a clerical error.

of the indictment involved a robbery of more than $12,000; (2) a two level increase because Count One involved a threat of death if the teller failed to comply with the Petitioner's demands and (3) a two level increase for taking the property of a financial institution. Petitioner asserts that his motion is timely because it was filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Pet. Br. Supp. Mo. at 5.

The Sixth Circuit held that the Supreme Court's decision in *United States v. Booker*, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005), which now covers Petitioner's claim filed in July 2004, does not apply retroactively to cases already final and challenged on collateral review. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Petitioner's sentence became final one year and ten days after his sentence (i.e., March 23, 2004). *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-427 (6th Cir. 2004). Therefore, the Court must DENY Petitioner's motion as untimely.

### IV.   CONCLUSION

For the reasons stated, the Court DENIES Petitioner's Motion to modify or vacate his sentence under the terms of 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

<u>S/Victoria A. Roberts</u>
**Victoria A. Roberts**
**United States District Judge**

**Dated:  May 19, 2005**

**The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on May 19, 2005.**

**s/Carol A. Pinegar**
**Deputy Clerk**